UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JT CLEARY, INC.,<br><br>         *Plaintiff*,<br><br>    - v -<br><br>NARRAGANSETT ELECTRIC COMPANY d/b/a NATIONAL GRID PLC,<br><br>         *Defendant*, | No.: 1:22-cv-04533-LGS |

**[PROPOSED] STIPULATED PROTECTIVE AND CLAW-BACK ORDER**

The Parties have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**.  All materials produced, filed, exchanged, or adduced in the course of discovery, including responses to discovery requests, responses to third-party subpoenas, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order.

2. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential and that confers on that party a competitive advantage from not being commonly known; (d) medical information concerning any individual; (e) personal identity information; or (f) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation**.

a. A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document or the document's Bates Number (if applicable). As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to, or at the time when, the documents are produced or disclosed. Applying the "CONFIDENTIAL" marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b. The marking of a document as "CONFIDENTIAL" is a certification by an attorney that the document contains Confidential Information as defined in this Order.

4. **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: Within 21 days after the transcript is delivered to any party or the witness, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony (i.e., page and line number) that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the

terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

    5.    **Protection of Confidential Material**.

        a.    **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation.

        b.    **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)    **Counsel**. Counsel, including in-house counsel, for the parties and employees of counsel who have responsibility for the above-captioned action;

    (2)    **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)    **The Court and its personnel**;

    (4)    **Parties' insurance representatives and accountants**;

    (5)    **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

    (6)    **Contractors and Vendors**. Those persons/entities specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (7)    **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have

completed the certification contained in the "Acknowledgment of Understanding and Agreement to Be Bound" appended hereto;

(8) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with the review of their individual transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(9) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(10) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed upon or ordered.

c. **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the captioned matter.

6. **Failure to Designate**. The failure to label or otherwise designate a document as "CONFIDENTIAL" at the time of production shall not waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. In addition, the producing party shall provide each other party with replacement versions of such documents that bears the "CONFIDENTIAL" designation within seven (7) days of providing such notice. However, no party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material had not been designated as Confidential

Information, even where the failure to so designate was inadvertent and where the material is subsequently designated as Confidential Information.

      7.      **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the Court's rules regarding same. and in particular the Court's Individual Rule I.D.3.

      8.      **No Greater Protection of Specific Documents**. Except on privilege grounds, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such additional, special protection.

      9.      **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

      a.      **Meet-and-Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within 10 days.

      b.      **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent

#15251206v3

declaration that affirms that the movant has complied with the meet and confer requirements of this procedure and Order. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated as Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present, or that anticipates that another party may present, Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed in Other Litigation**.

    a. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    b. The receiving party also must immediately inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered

by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.    **Obligations on Conclusion of Litigation**.

      a.      **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      b.      **Obligations at Conclusion of Litigation**. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), shall be destroyed by the receiving party unless the document has been offered into evidence or filed without restriction as to disclosure. The party in receipt of the Confidential Information shall provide the producing party with a certification attesting to the fact of destruction.

      c.      **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of the

Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in any subsequent litigation, provided that its use does not disclose or use the Confidential Information.

14. **Claw-Back of Privileged Documents Produced During Discovery**.

a. The parties agree to implement and adhere to reasonable procedures to ensure that ESI and other documents that are privileged are identified and withheld from production.

b. Notwithstanding the previous paragraph, the production of documents protected by the attorney-client or work product privileges during the course of document discovery shall not constitute a waiver of the privileges or protections from discovery in this case or in any other federal or state proceeding. This presumption of non-waiver shall apply without inquiry into: (a) whether a parties' production of the document was inadvertent or otherwise, (b) the adequacy or reasonableness of the document review procedures or efforts to rectify any errors made by the party who produced the privileged information or its efforts to rectify the error, or (c) the prejudice which might result from the return and/or inability to use the documents.

c. If a party discovers that it has *received* documents or ESI that the party knows or reasonably should know that the document was protected by the attorney-client or work product privileges, such party shall promptly notify the producing party, in writing, of the disclosure. If requested to do so, the receiving party shall delete or, if deletion is not feasible, segregate the privileged document, and shall not use such information for any purpose.

d. If a party discovers that it had *produced* documents or ESI that the party believes are protected by the attorney-client or work product privileges, the producing party shall

promptly notify the receiving party in writing, of the disclosure. If the receiving party agrees that the document is privileged, the party shall delete the document or, if deletion is not feasible, segregate the privileged document, and refrain from using it for any purpose. If the receiving party *disputes* whether the document is privileged, the party shall advise, in writing, within 10 days of the date the dispute arose. If the parties cannot resolve the matter after a meet and confer, the party asserting that the document is privileged shall file a motion with the Court seeking a ruling.

    e. Even where no notifications under paragraphs (d) and (e) have been made, nothing shall preclude any party from asserting at any time an objection to the use of any documents for any purpose and at any time during the course of this litigation on the basis that it is privileged.

    f. Nothing herein shall prevent a receiving party from challenging a producing party's designation of information, ESI or documents produced as Protected Information or prevent a receiving party from seeking relief from the Court through a motion to compel or otherwise.

    g. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence ("FRE") 502(d) and is intended to supersede FRE Rule 502(b) which shall not govern this action.

  15. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

  16. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material

#15251206v3

designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound.** This Order shall take effect on the date of entry and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms. The parties are advised that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

SO ORDERED.

Dated: August 18, 2022

                                             _____
                                             LORNA G. SCHOFIELD
                                             UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

SMITH, CURRIE &
HANCOCK, LLP                                    PIERCE ATWOOD LLP


By: /s/ Karissa L. Fox.                         By:     /s/ R. Thomas Dunn
Lochlin B. Samples                              Michele Kenney, Esq.
Georgia Bar Number 303893                       R. Thomas Dunn, Esq.
lbsamples@smithcurrie.com                       Pease International Tradeport
Karissa L. Fox                                  One New Hampshire Avenue, #350
California Bar Number 322037                    Portsmouth, NH 03801
klfox@smithcurrie.com                           Phone: (603) 373-2043
245 Peachtree Center Ave., NE Suite             Fax: (603) 433-6372
2700, Atlanta, CA 30303                         mkenney@pierceatwood.com
T: 404-521-3800                                 rtdunn@pierceatwood.com
*Attorneys for Plaintiff, JT Cleary, Inc.*      *Attorney for Narragansett Electric*
                                                *Company d/b/a/ Rhode Island Energy*

10

#15251206v3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JT CLEARY, INC., <br><br> *Plaintiff*, <br><br> - v - <br><br> NARRAGANSETT ELECTRIC COMPANY d/b/a NATIONAL GRID PLC, <br><br> *Defendant*, | No.: 1:22-cv-04533-LGS |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Address: _____

Date: _____

Signature: _____

#15251206v3