UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JT CLEARY, INC.,

                              Plaintiff,                        **22-cv-4533 (JLR) (VF)**

               -against-                                **ORDER**

NARRAGANSETT ELECTRIC COMPANY,
d/b/a NATIONAL GRID, PLC,

                              Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      For the reasons stated at the conference on August 27, 2024, Plaintiff's motion for sanctions at ECF No. 84 is denied. Plaintiff may renew its motion if new documents are produced by Defendant following the Court's in camera review and those documents support Plaintiff's request for sanctions. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 84.

      For the reasons discussed at the conferences on May 23, 2024 and August 27, 2024, the letter motions at ECF Nos. 85, 87, and 97 have been addressed. Consistent with the procedures discussed at the conference, Plaintiff will submit 20 documents for the Court's in camera review and Defendant will do the same by no later than September 4, 2024. The Court will discuss any additional relief with the parties based on the outcome of the Court's in camera review of the 40 documents. The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 85, 87, and 97.

      Plaintiff's letter motion for spoliation sanctions at ECF No. 83 is denied. Plaintiff contends that Defendant should have maintained possession of 15,920 pounds of material that was flushed out of the conduit in November 2021. As discussed at the conference on August 27,

however, Plaintiff has not shown that it was prejudiced by the failure to preserve that material. Plaintiff had notice of the cleanout work being performed on the conduit in November 2021. Plaintiff did not request that Defendant preserve the material removed from the conduit or ask for an opportunity to inspect the 15,920 pounds of material. Additionally, Defendant took reasonable measures to document the material being removed from the conduit, through photographs, videos, and reports. Lastly, Plaintiff's own expert opined that a cable could have been successfully pulled through the conduit even with the 15,920 pounds of material that Defendant claims was present in the conduit. Plaintiff thus has not shown how the specific amount of material or an inspection of that material is relevant to the claims or defenses in this action. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 83.

**SO ORDERED.**

DATED:   New York, New York
         August 27, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge